First case in our agenda, which is 127-119, is People of the State of Illinois v. Dionne Addison. Counsel for the appellant, would you come to the podium, identify yourself, and be adjourned. Good morning. May it please the Court, Counsel. I am Assistant Attorney General Erin O'Connell, on behalf of the people. The appellate court in this case applied an erroneous rule of automatic remand, in which any error by post-conviction counsel at the second stage of proceedings has been deemed to require new second stage proceedings and appointment of new counsel on remand. This court should take this opportunity to place unreasonable assistance claims within the usual framework that it applies to claims alleging errors by counsel. So this court has, on numerous occasions, said that the reasonable assistance standard, because it arises under statute, is a lesser standard than the constitutional standard. However, where no showing of prejudice is being required, it's actually easier to meet the burden of showing unreasonable assistance than it would be to show a constitutional violation under the Sixth Amendment. The court has applied this rule based on a misreading of this court's precedent, People v. Suarez is the previous case on which the appellate court has relied. There's language in that case saying that the court will not consider the merits where there's been an error by PC counsel. But it was actually unusual circumstances in that case, and it was essentially a limited exception that this court adopted. So it's similar to the U.S. v. Chronic standard, where there's been a complete failure of representation as there was in that case. There was no evidence that PC counsel had even met with his client or reviewed the record. In circumstances like that, it's presumed that the party has suffered prejudice and he doesn't need to make an independent showing. Counsel in Suarez, was there language that limited the application of the fact that we need to make sure that the 651 certificate is filed and that we don't consider the merits? Did they limit it to the facts of Suarez? So I think that's where the misunderstanding has come up, in that there was no limiting language. But in that case, there was no certificate, and the record was just devoid of evidence that there had even been the consultation. And did they attribute their decision, I guess I should say our decision, to the fact that there was no certificate? No. And there was no certificate in that case. The court did recognize the importance of having an initial representation, sort of a fundamental, if the petitioner deserves to have counsel, he should have that right realized. So the court was concerned there that he had never had the opportunity to have counsel step in and essentially perform his role under the Act. It's a different circumstance where there has been the filing of the certificate. So here there's no dispute that there was a consultation, he investigated the trial record, investigated the claims, and then she even filed an amended petition, and then certified that in her judgment she had made any necessary amendment to the petition as necessary to present the claims. The filing of the certificate creates a rebuttable presumption, but it's a presumption that all of those things occurred. So where the record contains this evidence, the petitioner, we can infer that he's received the sort of basic level of assistance that he was entitled to under the Act. It's still appropriate to then review the performance, and he can still make a showing to rebut the presumption. Well, counsel, here, I mean, here we have a situation where counsel took claims that were not forfeited and guaranteed that they would be forfeited by not including them in the petition. So why should a petitioner who rebuts the presumption of 651C compliance be in a worse position than someone where the certificate isn't filed? And, again, let's assume for a minute that the presumption was rebutted in this case. Okay. Why would that petitioner be in a worse position? So if he rebutted the presumption and showed that there was an error, so initially I would dispute that there was the error and that these claims were forfeited. But assuming that he has met that burden, it would be typical under even a Sixth Amendment framework that you have to show an error by counsel that was certainly an unprofessional error, but you also need to show the prejudicial error that would warrant further proceedings. But in Suarez we said we didn't have to look at prejudice, correct? In Suarez, correct. So do you want us to overrule Suarez? No. Okay. So then why, again, why do we have to look for prejudice when the presumption has been, you know, overcome regarding 651C compliance? Well, I think that places it within the framework for claims of ineffective assistance of counsel, so we're just asking it to be sort of translated unreasonable assistance to that existing framework. I do think there's a lot of work, though, to be done in terms of rebutting the presumption. So the merits are also relevant to that issue, and that was actually a second error here. So I would just step back a little bit because in order to rebut the presumption, he's already got to make some sort of a showing that there was a meritorious issue. So to deal with the facts here, where counsel didn't make an allegation of ineffective assistance of appellate counsel, to rebut the presumption that counsel performed her duties under the rule, he has to show that there was a meritorious allegation of ineffective assistance of appellate counsel. So that prong already is doing quite a bit of work under, in terms of weeding out these claims, that he has no fair criticism of post-conviction counsel's performance. There was a pro se petition where there was allegations of ineffective appellate counsel, correct? That's correct. So his pro se petition did raise, and it was a number of claims, too. I think it was 15 claims and had numerous allegations of ineffective assistance of appellate counsel. We do know that post-conviction counsel reviewed that petition, reviewed the records, and then determined which claims had enough merit to then proceed in an amended post-conviction petition. In terms of why counsel could have reached that conclusion, there was evidence attached to his post-conviction petition where he had correspondence with appellate counsel. So it did make clear that appellate counsel had fully examined the record and determined that these claims lacked merit. So there was a difficulty in showing deficient performance by appellate counsel. Well, how hard is it to make a routine post-conviction amendment to raise these other issues? I mean, it's not very hard to do that. I would agree. And I think in most circumstances, counsel would include the allegations of ineffective assistance of appellate counsel. And it can certainly be considered in determining whether Petitioners rebutted the presumption. I mean, not doing that allowed the forfeiture argument to be made, correct? It allowed the forfeiture argument to be made, and it was argued at the hearing. I would note, though, that the trial court in dismissing the petition did not rely on forfeiture as a basis for denying it. The court instead looked at the merits of the claims and even referred to them. Was there a motion to dismiss by the State based on forfeiture? There was a motion to dismiss in which one of the arguments was that these claims were based on the trial record and were therefore forfeited. What did the trial court do? Did the trial court dismiss this petition for post-conviction relief based on forfeiture? So there was a hearing on the motion to dismiss, and the forfeiture was discussed. That's not my question. Right. What did the trial court rule? The actual written order states that there was no substantial showing of a constitutional violation. On the merits. Correct. The trial court did not dismiss this complaint based on forfeiture. Is that correct? Correct. Right. And I think that the order, it's not even a one-line order. It's a couple pages. It even refers to, these were claims of ineffective assistance of trial counsel, and it refers to the Strickland standard before concluding that petitioner failed to make a substantial showing. Counsel, I have a question. I'm wondering about your position that the defendant in this case has to make a showing of a meritorious claim in order to rebut the presumption that's created by the filing of the certificate. I mean, where in Suarez, you know, we said that we're not concerned. It's regardless of whether the claims raised in the petition had merit. What was needed to be done wasn't done in that case. So is it a situation where the defendant has to rebut the presumption by showing merit to the claim or merely showing that these arguments were forfeited based on the failure to make that allegation of ineffective assistance of counsel at the appellate level? So I would direct the Court's attention to People v. Perkins. In that case, there was a certificate filed, and there was a time bar that was raised by the State. And counsel had not anticipated a time bar and included allegations that it was not due to culpable negligence. This Court's recognized that that is a routine amendment that should ordinarily be made in a petition. However, because there was a certificate and the presumption, the Court looked deeper in that case and didn't say, well, counsel failed to make a routine amendment, it's rebutted. It considered whether there was actually an argument to be made on the merits, that there was no time bar to be applied. So once the presumption comes into play, it does some work, and there has to be this showing not just a conclusion that it was a routine amendment, but was it an amendment that had merit on the facts of the particular case. Well, you know, and Suarez guarantees that they ensure that the petitioners receive a minimal level of reasonable assistance required by statute. But here, the defendant is arguing that it would be premature to determine whether the petition in this case has merit when the counsel has not even fulfilled the minimum requirements of 651C of consultation, examination of the record, amendments to the petition to adequately present all the claims. Is there a problem there? So if we were in a circumstance where there was no evidence that this had been complied with and we were under Suarez, we don't dispute that he wouldn't need to make the showing of prejudice. The certificate, though, constitutes the evidence that she did comply with all these duties under the rule. And so it creates just a rebuttable presumption that she did so, that he then bears the burden of rebutting under those circumstances. So Suarez was concerned that counsel never performed counsel's role at all. And we know that because there was just no indication that there was any sort of basic research or meaning. Under those circumstances, we don't dispute that Suarez was correctly decided. But this Court has never had occasion to consider whether Suarez also applies where we do have that evidence and where there was the basic assistance and there's an asserted error in some limited respect. I mean, do we have a satisfactory record in this case if there was really consultation, examination of the record, amendments, and then proposed amendments to the petition to present the claims that the defendant made? So the Court has held that the certificate itself constitutes the evidence that this is transpired. And Petitioner hasn't disputed that the sort of basic steps have happened here, that there was this meeting, that there was this investigation. Instead, the dispute is just over whether this limited amendment, this failure to allege ineffective assistance of appellate counsel, whether that was unreasonable assistance. So he can certainly make that claim, but we're no longer in the situation where there's a concern that he just never received the assistance to which he was entitled under the Act. Now we kind of get into the details. And once we get into the details, because there's the presumption we need to consider whether it was a meritorious amendment on the facts of the case, and he's really just not even arguing that at this point. And it's not a circumstance where we can't assess whether this would have had merit on the facts of the case. We know the underlying claims that appellate counsel is allegedly ineffective for failing to raise. We know that those claims lack merit. So it follows that the appellate counsel ineffectiveness claim also fails. So based on this type of claim, the Court is well-equipped, I think, to undertake the analysis of looking at the merits of that amendment and saying, have you rebutted the presumption on the facts of this case where this amendment was not made? We said in Turner a long time ago in 1999 that failure to make a routine amendment to a post-conviction petition could overcome the procedural bar waiver. Have we? That's correct. So Turner did, I think, recognize that it's generally a best practice to include a claim of ineffective assistance of appellate counsel, similar to what it's also recognized in the time bar context. Where there is a foreseeable procedural bar and post-conviction counsel is making amendments, it's generally a better practice just to include that in the petition. Turner was closer to the Suarez line, though, because there was no certificate there and there was no evidence that counsel had done sort of basic steps. Again, in that circumstance, the Court cited a number of indications in the record that counsel had not fulfilled counsel's role, and one of those deficiencies was the failure to allege this ineffective assistance of appellate counsel. But it went even deeper there. There was a failure to allege elements of claims. Here we have the petition. There's no dispute that it alleges all the claims that Petitioner wants to raise, these elements of ineffective assistance of trial counsel, and we can assess, based on that petition, whether this additional allegation would have made a difference in effective assistance of appellate counsel. So the distinction, I think, is critical, that if counsel has filed the certificate, we have the evidence in the record that basic steps have been complied with. The petitioner can attempt to rebut even the initial steps, but he's not doing so here. We know that most steps were taken, and an amended petition was filed. So I think... But counsel, in this situation, did counsel for the defendant make any amendments necessary for an adequate presentation of Petitioner's contentions? So I don't think counsel did file the amended petition and focus, I think, on four claims. And there's no dispute that in terms of the allegations, those four claims were sufficient in terms of the merits of the legal issues. Is one of defendant's contentions that there was ineffective assistance of counsel at the appellate level? Not in the amended petition, no. And so, but the court, I think the critical question is whether that was necessary and necessary amendment under the rule and whether that suffices to rebut the presumption. To some... It was raised in the pro se in effective assistance of appellate counsel. Correct. And there were actually, I think, a large number of allegations in the pro se petition that show that counsel essentially winnowed down to what she perceived as the most meritorious claims. And there were other allegations that counsel opted not to pursue. So that failure to make that amendment prevented defendant from presenting one of his contentions, right? I would disagree with that in terms of the ineffective assistance of appellate counsel claim standing alone. If he were seeking relief on that claim alone, then that's correct, that the post-conviction petition didn't raise that allegation as a claim. I understand his argument to be that that was a forfeiture bar with respect to the claims that were raised. And so those claims were adequately presented in the petition, and they were not dismissed as forfeited by the trial court. The trial court instead looked at the merits of those claims and found that they lacked merit. And then we can infer from that that the claim of ineffective assistance of appellate counsel also lacked merit. Do you agree that if the 651C presumption is rebutted, that prejudice is presumed? I know you're arguing it wasn't rebutted, but if it was, prejudice is presumed? I would disagree because I think that would be an unusual framework. We're trying to sort of analogize this to the Cronic versus Strickland framework. And I think once you're outside of Cronic, there's no presumed prejudice. So under the Strickland framework for trial counsel or appellate counsel claims, there has to be an additional showing of prejudice. So it's essentially never the case that just by showing that counsel made a mistake, you obtain relief and get further proceedings. There has to be some additional showing of prejudice. And it doesn't have to be an onerous burden. Under Strickland, is there a reasonable probability of a different result? The question here, we're at the second stage. Is there a reasonable probability he would have met the second stage burden had counsel? Well, of course, in Turner, this Court found that prejudice was palpable based upon the facts that are basically the same facts. I disagree that they're so similar. In that case, we're essentially limited here to the failure to allege ineffective assistance of appellate counsel. So in that respect, they are similar. But there were deeper failings in Turner that aren't present here. But in Turner, we said that the failure to make a routine amendment to the post-conviction petition that would overcome the procedural bar of waiver constitutes unreasonable assistance. Didn't it basically say that in Turner? I think the broader context was that the Court was looking at the complete failure of counsel. I agree that it does provide some support that counsel should, as a matter of best practice, include an allegation that would overcome forfeiture. I think Turner was clear in making that suggestion. But in terms of the records, that record, counsel had just a litany of errors, whereas here, we're focused solely on the ineffective assistance of appellate counsel allegation. And your argument with that claim is that it could be inferred that it was not meritorious, right? Inferred. Well, the Court can evaluate whether that claim had merit based on the record here. So it's not a circumstance where the Court has to guess at what would have supported the claim and would it have had merit. It can be evaluated based on the record before the Court. So you can bring your remarks to a close. So we would therefore ask that this Court reverse the appellate court's judgment. Thank you, Your Honor. Counsel for the appellate. And please identify yourself. May it please the Court, counsel, good morning. I'm Stephanie Puente from the Office of the State Appellate Defender. On behalf of Dionne Addison, the appellate. I would like to read the record of the appellate counsel's testimony. Filing a Rule 651C certificate should not insulate counsel, post-conviction counsel, from review when the record shows clear noncompliance with the rule. Dionne Addison raised 16 claims of constitutional violations in his post-conviction petition. Recognizing that the bulk of the claims were based on the record, he argued that At the second stage, post-conviction counsel determined that three of the pro se claims had sufficient merit to be included in her amended petition. However, she failed to amend her petition to include a routine but necessary amendment of ineffective assistance of appellate counsel. Counsel, I'm going to take a moment here, especially with our students here, to kind of explain where we are. The Post-Conviction Act provides defendants who have been convicted at trial with an opportunity to bring new evidence to the court to show that there's been a constitutional violation that is so sufficient that that conviction will be vacated. Right? So what we have here is the defendant here in this case went to trial and his lawyer argued that his confessions, many confessions, and his signing of a Miranda waiver were involuntary. And so there was hearing and the state presented lots and lots of evidence from all of the state's witnesses as to what took place when the defendant made his confession. The defendant fled. He was not present at trial. And so defense counsel had no evidence to present to respond to all of the state's evidence. The trial court denied the motion to suppress. Statements were admitted. The defendant was found guilty. He appealed. On appeal, his lawyer looked at what happened at the trial and said there were no issues of merit that the lawyer in good faith and ethics could raise, that nothing had gone wrong at the trial. Later, the defendant files his own petition, post-conviction petition, and an attorney is appointed for him. The attorney looks at all of his claims and ultimately files an amended claim to demonstrate why there was a constitutional violation. And in the petition, for the post-conviction petition, counsel claimed that trial counsel failed to present certain evidence and make the necessary arguments that would have resulted in the suppression of the statement and a not guilty verdict. What he's saying is there is evidence outside the record that had it been presented at trial, a different result would have happened. Right? That's what the complaint was. So then the case was presented to the trial court again under this post-conviction petition. The trial court looked at what was alleged here, that there was new evidence out there outside of the record. And the trial court, looking at the merits of this, says there is not enough new evidence, there are issues that are outside the record, and therefore the petition was dismissed. Okay? Now we're here at an argument saying all of those lawyers who said there was no merit to any of the claims about involuntary statements, that all of them failed their responsibilities as being a lawyer and ineffective assistance of counsel. We're here looking at the merits, we're looking here at the trial court's order. How is the trial court's order wrong that this petition failed to present new evidence outside the record that would, in fact, raise a constitutional claim? Well, Your Honor, this case, the – it's unique because while, yes, the claims – part of the claim depended on evidence outside of the record, there was also sufficient facts, especially the Miranda violation, that was part of the record that could have been raised on direct appeal. So it is not so clear-cut. Second – But that's not the allegation in the complaint, right? Or in the petition? It's both Miranda and involuntariness. But they failed to present new evidence. In other words, we're talking a lot about waiver, that had appellate counsel raised all of this back in the day, right at the beginning. Appellate counsel looked at everything here and said there's absolutely no merit  The argument is, had something else happened, maybe the result would have been different on appeal, and because that wasn't raised, then he's going to have another opportunity to raise these arguments, right? That's basically ineffective assistance of appellate counsel. What new evidence is suggested in any of this that's outside the record that would have changed the result? Your Honor, there was affidavits that Mr. Addison attached to his PC that post-conviction counsel didn't even amend or include, which – So is that your argument? No. No. Your argument is forfeiture. Right. That all of this should have been raised earlier, right? Right. We're not focusing on the merits, which the trial court did. Right. Correct, Your Honor. But because there were sufficient facts in the record to at least raise the Miranda violation and the issue regarding the chain of custody of the bills. What was in the – so what evidence are we talking about that has been forfeited? What argument about the record itself has been forfeited? The defendant fled. He wasn't there. He couldn't rebut what was said by the State's evidence. What in the State's evidence shows that the confession was, in fact, involuntary when, in fact, when, you know, obviously the trial court disregarded that and found it was voluntary? What records of the facts have been forfeited? Sure. So for the first confession he gave to the police officer, he refused to make a statement originally. He said, I don't want to talk to you after he was Mirandized. And then there's evidence that there – he wasn't Mirandized the second time he talked to the special agent, the secret agent from the Secret Service. So that is on the record. That could have been raised on direct appeal. And – And that would be sufficient to find his confession later involuntary in his signing of the Miranda warrant, waiver, involuntary? That could have been sufficient for direct appeal purposes. I mean, it's also – I understand it's in the discretion of the appellate counsel, but there is something there. And we cannot penalize Mr. Addison because he absconded. I mean, he still has a right to have his day in court. So the day in court, and this is really important, you want this case to be sent back so he could have another day in court after all the things I just told you about. What's going to happen when this case goes back to the trial court? Well, he would have an attorney who would properly shake the claims. And the issue here is because the court said, although it's not in the written order, she did say when she was ruling on the petition that she considered arguments made at the hearing. One of the arguments made was the court brought it to the post-conviction counsel's attention. She was like, what about forfeiture? Nobody is addressing forfeiture. And post-conviction counsel is like, well, after some property, and she said, well, it might be due to the same oversight as trial counsel. That's all that she said. Ginsburg. Let's just say he goes back. He goes back, and now the State's argument is made there's been a forfeiture of all of his claims. All right? We're going to send this back so the defendant can have his day in court. How is he going to show that his confession was involuntary and his conviction should be vacant? When he goes back, it will be properly amended to include any allegations that he included in his affidavit that weren't attached and anything that is to his state of mind that wasn't properly in the claims. And because counsel was not at the trial to present it. But it was also properly not in the amended petition because we cannot have confidence that post-conviction counsel actually consulted with him or reviewed the record or the transcript, given that she tried to present advanced, the merits of forfeited claims. That undermines our confidence that she complied with 651C and that she properly framed those claims of ineffective assistance of counsel regarding the statements. Therefore, that's why, because the obvious, it's the area where it's so obvious, it places Mr. Addison in the same position as Turner and Suarez, in that he did not have representation when it comes to the duty to amend. And because there is no compliance with the duty to amend, that undermines this Court's confidence as to whether the other duties were complied with. Yes, Your Honor. Let me ask you this. Do we know what the trial court based this decision on? Yes. Was it the merits? Not just the merits, Your Honor. She said when issuing the written dismissal order, before she issued a written dismissal order, and then at the hearing, she said, I am, the petition is frivolous and makes no sense to me. So there is substantial showing. She also said, though, before the clint held, Judge clint held, here's his order. This is what he says in the order. He says, with the second stage of the post-conviction proceedings, the trial court is concerned merely, wait a minute, read it that way, yeah, the trial court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity that would necessitate relief under the post-conviction act. This Court has considered the arguments made in the written pleadings as well as the arguments made in the hearing today. The Court finds the petition is not entitled to an evidentiary hearing. The petitioner has failed to make a substantial showing of a violation of a constitutional right. That's the order. Right. And so she did, the judge did say considered the arguments that were made, which included the forfeiture, and post-conviction counsel's comments regarding that were not sufficient under Turner. And because courts cannot speculate when there's noncompliance with the duty to amend, whether or not the circuit court would have dismissed the petition if the claims had been properly presented, that's why it should go back. So, counsel, what role, if any, should the potential merits of the claim of your client play in our decision? Is that something we should be looking at, examining? No. Because Addison's placed in the same position as Turner and in Suarez, the underlying merits are not considered. What's considered is the prejudice that's encompassed in the rule, which is where the certificate, the legal significance is that it assures that counsel complied with the duties. And when that presumption is rebutted, like here where the record shows obvious noncompliance, the prejudice, the palpable prejudice, as Turner found, was that counsel's noncompliance directly contributed to the dismissal of the PC. And that's why the merits would not be considered. And also the merits cannot be considered because all the merits of the claims weren't presented to the circuit court. This was post-conviction counsel's opportunity to present facts that were part of the record, so that all the so the claims could have been properly adjudicated by the circuit court, and they failed to do that. Trying to consider any merits would be improper at this stage, because the record is incomplete and would invite improper speculation at this point. You agree, though, that the filing of the certificate does create a rebuttable presumption, right? Correct. How does your client rebut the presumption? What is the showing that's necessary to rebut that presumption? The showing is the record itself. Because it looks you look at the same things as you do when you have a claim of unreasonable assistance or noncompliance with 651c when a certificate isn't filed. The filing of a certificate should not protect or insulate post-conviction counsel from review. Here, the totality of the record shows there was noncompliance, just as in Turner. The record shows that post-conviction counsel did not understand this Court's rules, the PC Hearing Act, or the decisions in Turner and Suarez. A review of the post-conviction petition, as she attested that she did, shows that she also argued 14 different times that appellate counsel was ineffective for failing to raise them. That should have alluded to her that she had to make a routine amendment of ineffective assistance of appellate counsel to overcome the forfeited claims. And then the record also shows that when the State argued that the claims were forfeited in the motion to dismiss, and at the hearing, she didn't respond to it. And then at the hearing, when the circuit court expressed concern as to the forfeiture, she did not address forfeiture because her comments were not sufficient. You know, under Turner, and the State relies on Perkins, the difference between here and Perkins is Perkins actually developed the routine amendment. It actually took facts from the record to argue that the untimely filing was not due to the culpable negligence of the Petitioner. Here, she didn't even do that. And since this Court's decision in Turner, appellate courts such as Schlosser and Schlosser and Kirk say that post-conviction counsel should use the facts to support its claim of ineffective assistance of appellate counsel. So that sometimes even general allegations of appellate counsel are not enough. Oversight to appellate counsel is not what Turner required. Is your argument that the trial court based its decision on procedural default and registered decada, or that we simply don't know and that's enough? We simply don't know and that's enough. That there is enough in the record to show that she possibly considered forfeiture, just as in, I believe, Turner was the same thing, where it's not clear and obvious it needs to go back. So, so that I'm clear. The case goes back under your theory and a new petition is filed saying appellate no, PC counsel was ineffective for not raising the ineffectiveness of appellate court counsel, correct? It would go back so that a new PC counsel would argue that appellate counsel was ineffective for not raising the claims based on the record. And let's say the trial court says I'm, I agree with you. Appellate, PC counsel should have raised appellate counsel. So then we have a third hearing when we now are going to get beyond waiver and forfeiture and now we're going to discuss trial counsel's ineffectiveness? So at the same. How many levels of new hearings are you asking for? Just one, which is to return back for additional second stage proceedings, where both the procedural amendments would be made and the substantive arguments would be presented. So filing there would be a determination whether that trial court counsel was ineffective for not raising certain claims and introducing new evidence outside the record that would defeat the claim that the defendant's confessions were involuntary when he was not in the court to present that evidence. Is that right? Right. It would be, it would be, because its second stage would be whether there's substantial showing of a constitutional violation. That's all we're asking for. We're not asking for an evidentiary hearing, which is why that goes against what the State's proposing, that we should, that this Court should pigeonhole post-conviction counsel's performance into a Sixth Amendment context. And that wouldn't work because it would carve an exception out of 651C, making it harder for Petitioners to argue that counsel did not, fails to comply with the duty to amend. You have two other duties, the duty to consult and the duty to read transcripts. Those don't require some higher standard. You look to the record. The same thing should apply here. You look to the record, and where there's an obvious error, it goes back. And it won't open the floodgates to appeals because Perkins is one example that shows how the record should look like and what counsel should do to ensure that the Petitioner gets reasonable assistance. Well, I'm wondering, based on your argument, what would this do to our previous cases on waiver and forfeiture? I mean, would that be a minimalist case if we called the question to accept your argument? No, Your Honor. This would be just like Turner. That's been President for a number of years. Nothing would change. We're not asking for a deviation. The State's the one who wants to add an additional layer to the burden showing. This is the same thing that's always been. You know, if there's noncompliance with the record, and if there's noncompliance with 651C, and that rebuts the presumption, then it would go back. So it's the same thing that's been in existence since Turner and Suarez. So if we rule in your favor, would every attorney be required to include an allegation of ineffective assistance of appellate counsel? No, Your Honor. The thing is here, the error here is because post-conviction counsel adopted the claims. Once counsel adopts the claims, she has to ensure that they're properly presented. And because the claims are based on the record, she had to make a routine amendment of ineffective assistance of appellate counsel. If she hadn't adopted, like, the record shows that she knew what to do when a claim didn't have merit. There were 16 put. I keep believing that what is being was supposed to be presented here, that's what she argued in the petition. There's other evidence outside the record that should have been presented. Now, you're saying, and to follow up on Justice Holder White's question, that that means in every single PC, there has to be an allegation of ineffective assistance of counsel, of appellate counsel. No, Your Honor. Just to clarify, that would only be a requirement to make the necessary amendment the routine amendment of ineffective assistance of appellate counsel should only apply when PC counsel adopts claims that they're part of the record. In her amended petition or in a supplemented petition. If she determines that, like she did here, that 11 of the claims, more than 11 of the claims didn't have merit, you're fine. You didn't have to raise ineffective assistance of appellate counsel. Your Honor, because the State has not provided any reason to deviate from Turner or Suarez, this Court should remand and find that, and should affirm the appellate court's order or decision that counsel's failure to make a routine but necessary amendment to avoid the forfeiture of the claims caused palpable prejudice to Mr. Addison. Thank you. Good morning. We're simply asking in this case for appellate courts to be able to ask the question that was asked here. What would happen on remand? The court below thought that it was absolutely precluded from asking that question or thinking through the possibility of what would happen if this case went back down and the petition were amended to include ineffective assistance of appellate counsel. That's not the best use of judicial resources, and it's not the way it usually works when there's a claim of ineffective assistance. The court instead has to ask, is there any reasonable probability that it would have made a difference to the result? And here I think there's a fundamental disagreement about the order. There's just no ambiguity. The court dismissed this for no substantial showing of a constitutional violation. It didn't refer to forfeiture. The petitioner is just asking for an opportunity to raise the same claim. Isn't that included in that, though? I mean, if you've procedurally defaulted a claim, have you not made a substantial showing of a violation of constitutional right? I would interpret the language a little bit differently, I mean, because a person could make an allegation of some merit but nevertheless have forfeited the claim and not be able to obtain review. So the question of whether it's meritorious and whether it's procedurally barred are, I think, distinct. And here we know that the court did look at the merits. It looked beyond this allegation raised by the state. Was it forfeited? And it looked at the merits and determined that there was no merit there. So essentially what the petitioner is asking for is a remand to redo a proceeding where we already know what the conclusion will be. We believe that's not the result that's compelled by Suarez. It's not the rule that's being applied by the First District in Galano and Landa. This court should adopt a reasonable rule that there has to be some showing that there's a potentially meritorious claim and a reasonable probability that there will be a different result before a case is remanded for a new proceeding. What about opposing counsel's argument that the court previously could not look at the merits because the record was incomplete? Well, the record on these claims is complete. There's no, and it's a claim of trial counsel is ineffective on bases that are in the trial record. So there is, I think it's a fair question, what more evidence would there be to present? He hasn't come forward with any evidence that would support a claim that trial counsel somehow erred. Just to get into the merits a little bit of this claim that trial counsel was ineffective at the suppression hearing, trial counsel's hands were completely tied that his client was not there. There's been an allegation that PC counsel should have included petitioner's affidavit. Trial counsel couldn't have presented that evidence when his client had absconded. So that wouldn't support a claim of trial counsel's ineffectiveness, even if PC counsel could do that. So, again, we know on that basis as well that there is no reasonable probability that he can make a second stage showing based on a claim that trial counsel erred in this respect. And the record is sufficient for the court to make that conclusion here. Counsel, how do we know what issues are going to be raised if we remand it? How can we be so certain? So because PC counsel's duties are limited, counsel only has to look at pro se claims. So there's a limited universe of claims that PC counsel could have pursued. They were the ones in the pro se petition. There can't be any speculation that it would go back down and counsel would find new claims. That's just not within counsel's duties. So the court can look at the claims that petitioner has pursued and make the assessment of whether those claims have any potential merit. And on these facts, on this record with these trial error claims, petitioner can't make that showing with respect to any claim in the amended petition or even in the pro se petition. And he's not pressing those here. So we would ask this Court to reverse the appellate court's judgment and reinstate the order dismissing the petition. Thank you very much, both counsels, for your argument. This case, number 127119, people of the state of Illinois, against Dion Anderson, is taken under advisement.